

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2011 NOV 23  PM 2: 55

TOM LAWLER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JONNI L. PETERSON,
WILLE R. PETERSON, and
JULIE A. SZCZESNIAK,

    Plaintiffs,

vs.

FEDERAL HOUSING FINANCE
AGENCY, as CONSERVATOR for
FEDERAL HOME LOAN
MORTGAGE CORPORATION;
MERSCORP HOLDINGS, INC.;
MERSCORP, INC.; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.; AURORA BANK, FSB,
f/k/a LEHMAN BROTHERS BANK, FSB;
AURORA LOAN SERVICES, LLC; and
McCURDY & CANDLER, LLC;

    Defendants.

CIVIL ACTION
FILE NO. 11A 12218 - 3

## MOTION and LEGAL ARGUMENT FOR TEMPORARY RESTRAINING ORDER

NOW COMES, Dale A. Calomeni, attorney for Plaintiff, and hereby files this Motion for Temporary Restraining Order to prevent Defendant, or Defendant's agents from proceeding with Non-Judicial Foreclosure and dispossession until this matter is concluded, or discovery is completed.

Plaintiff is the mortgagor on an alleged loan that was defective, and is being enforced pursuant to a Non-judicial Foreclosure by Defendant's agents. The loan which is alleged to have been executed by the Plaintiff is being enforced by and through illegal and improper means:

1. Mortgage Loan Transaction, Jonni Peterson, as attorney-in-fact for Julie SZCZESNIAK, signed a promissory note, dated February 7, 2007, in the principal sum of $236,000.00, in favor of the Primary Capital. In order to secure payment of the Note, Jonni, as attorney-in-fact for Julie, also signed a security deed, not to the Primary Capital, but in favor of MERS, as "nominee" for the Primary Capital on May 25, 2007. Under the terms of Security Deed, which are prescribed by MERS, MERS had no beneficial rights in the

1

Security Deed.
The Security Deed was recorded in Deed Book 47919 at Page 706, on May 25, 2007 in the real property records of Gwinnett County, Georgia.

2. MERS is not now, and never has been, Julie's creditor; furthermore, MERS is not entitled to pursue any foreclosure action, either non-judicial or judicial, against the property, whether based upon the Note or the Security Deed, or both.

3. In January 2009, McCurdy & Candler sent a letter, concerning Notice of Foreclosure Sale Enclosed, to Julie (the "First Foreclosure Notice Letter").The first Foreclosure Notice Letter falsely identifies MERS as being the secured creditor of Julie **SZCZESNIAK**

4. Defendant's are attempting to illegally convert the subject property to their own property, if they are permitted to pursue their claims because they have failed to verify their claims as based upon the original Promissory Note; Defendant is attempting defraud the Plaintiff with their non-judicial foreclosure without proof of the true Promissory Notes existence, and who retains its ownership at this time.

5. Without proof of who is the true owner of the alleged original Promissory Note, Security Deed or Mortgage, the Defendant has no standing to pursue their claim to foreclose on the Subject property.

6. Plaintiff believes that Defendants have intentionally failed to comply with Georgia's foreclosure laws, because Defendant is attempting to enforce a claim based on a Security Deed, a Promissory note, or an Assignment that was not properly, or timely filed, and thus it is improper and illegal process. It is believed these documents are not in existence.

7. Defendants have failed to comply with O.C.G.A. 44-14-162 (b) which specifically states:
   The security instrument or assignment thereof vesting the *secured creditor* with title to the security instrument *shall be filed prior to the time of sale in the office of the clerk of the superior court* of the county in which the real property is located. *(emphasis added)*

8. Defendants have failed to properly file the Security Instrument *and all Assignments* on the subject property with the Clerk of the Court for the County of Gwinnett, and thus have brought their foreclosure action without proper statutory compliance. Without proper compliance with the state statute underlying the foreclosure, the Defendants are outside of their authority to act, and such their conduct constitutes a material breach of the Defendant's duty to 'fairly exercise' the power of sale created by the State of Georgia's Foreclosure Statute and the Security Deed under O.C.G.A § 23-2-114. Dickens v. Calhoun First Nat. Bank, 208 Ga. App. 489 (431 SE2d 121) (1993).

9. Foreclosure has already occurred on September 6, 2011. If Plaintiffs are not granted a Temporary Restraining Order, they are left with no other adequate remedy at law. The result of Defendant's foreclosure and action to dispossess will be irreparable injury

2

because it is nearly impossible to set aside a Non-judicial foreclosure. Plaintiff's claims have a SUBSTANTIAL LIKELIHOOD OF SUCCESS because <u>*on the face of the documents which are filed with Gwinnett County Records in the Superior Court they are defective.*</u>

1.) Proof of the likelihood of success of Plaintiff's case is established by the content of the Consent Orders filed against defendants Aurora Loan Services, LLC, Aurora Bank, FSB f/k/a Lehman Brothers Bank, FSB (case no.**OTS**-NE-10-33, dated November 30, 2010), and MERS (**OCC No.**: AA-EC-11-20, **Board of Governors**, 11-051-B-SC-1, 11-051-B-SC-2, **Docket Number: FDIC**-11-194B, **OTS NO**: 11-040-EA, **FHFA** No.EAP-11-01) each are presently the subject of a Consent Order as filed by the Office of the Comptroller of Currency, which Consent Order dictates that named defendants, shall provide loan audits by third parties to determine if Foreclosure procedures conducted during 2009 and 2010 are proper, and further that because of their unsound practices in residential mortgage servicing and the Bank's initiation and handling of foreclosure proceedings that they shall remediate their practices by doing the following:

   A.) Take all necessary steps to remedy the deficiencies and unsafe or unsound practices identified by the OCC;

   B.) Set up a comprehensive ACTION PLAN;

   C.) Set up acceptable compliance programs to ensure that the mortgage servicing and foreclosure operations, including Loss Mitigation and Loan Modification comply with all applicable legal requirements, OCC supervisory guidance, and the requirements of the Consent Order;

   D.) Create appropriate written policies and procedures to conduct, oversee, and monitor servicing, Loss Mitigation, and foreclosure procedures;

   E.) Create processes to ensure that all factual assertions made in pleadings, declarations, affidavits, or other sworn statements filed by the bank are accurate complete and reliable, and that affidavits and declarations are based on personal knowledge or a review of the Bank's books and records.

   F.) Create a process to ensure that the Bank has properly documented ownership of the promissory note and mortgage under applicable state law.

   G.) Create a process to establish that the Bank is a proper party to the action when pursuing foreclosure.

   H.) Create a process to establish ownership of the promissory note and mortgage at the formation of a residential mortgage backed security, and lawful verifiable endorsement and successive assignment of the note and mortgage to reflect all changes of ownership.

   I.) Create a process to ensure the Bank has the ability to locate and secure all documents, including the original promissory notes if

        required, necessary to perform mortgage servicing, foreclosure and Loss Mitigation, or loan modifications.

    J.)  Create a third party processors of Foreclosures;

Wherefore, Plaintiffs respectfully requests a Temporary Restraining Order to prevent Defendant, or Defendant's agents from proceeding with Non-Judicial Foreclosure and dispossession until this matter is concluded, or discovery is completed.

Respectfully submitted on November 22, 2011, by:

Dale A. Calomeni, Attorney
Georgia Bar No: 105311
CALOMENI & ASSOCIATES, LLC
PO Box 2358
Roswell, Georgia 30075
Office Phone: (770) 597-6112
Office FAX:  (770) 597-4955
dacalomeni1@bellsouth.net